**WEINSTEIN v. BOWLES, Price Administrator, et al.**

**SILVERMAN v. SAME.**
Civil Actions Nos. 4264, 4265.

District Court, D. Massachusetts.
Oct. 5, 1945.

Paul T. Smith, of Boston, Mass., for plaintiffs.

William B. Sleigh, Jr., Regional Litigation Atty., Office of Price Administration, of Boston, Mass., for defendant.

SWEENEY, District Judge.

These cases involve appeals from orders suspending the plaintiffs' rights to deal in commodities rationed under Ration Order 16 (Meats, Fats, Fish, etc.) for so long as these commodities are rationed. The appeal is filed pursuant to the provisions of Section 205(g) of the Emergency Price Control Act of 1942, as added by Act June 30, 1944, 50 U.S.C.A.Appendix § 925(g).

The respondents are either the owners or employees of retail establishments dealing in meat and other commodities subject to ration orders issued by the defendant administrator. Administrative hearings on the alleged violations of Ration Order 16 were held before a Hearing Commissioner at Boston, Massachusetts. In each case the Hearing Commissioner found upon the evidence that the plaintiffs had acquired and used counterfeit stamps in violation of the ration order. In consequence, the suspension orders were issued.

In both cases the proceedings were commenced by service on each of the plaintiffs here of a notice of hearing which charged violations of the ration orders. The plaintiffs maintain that these notices were defective in that they did not specify the violations charged with sufficient particularity to enable the plaintiffs adequately to defend. More particularly the plaintiffs contend that the notices were inadequate because they did not specify the exact dates upon which they are alleged to have acquired and used counterfeit red stamps. In both cases the original notice of hearing alleged:

That on divers dates between February 27, 1944, and February 15, 1945 (Silverman case), between February 27, 1944, and January 15, 1945 (Weinstein case), both dates inclusive, "you being a retailer in meat, fats, fish and cheeses, did acquire, possess, use and transfer counterfeit meat, fats, fish and cheeses red stamps and you did thereby violate the provisions of Sections 10.4 and 20.1(g) of said Revised Ration Order No. 16 and of Section 2.5 of General Ration Order No. 8."

At the hearing in the Weinstein case, plaintiff filed a motion to quash on the

ground that the notice was lacking in specificity in that it did not charge the exact dates of the alleged violations. The Hearing Commissioner took the motion under advisement and did not decide it until he rendered his opinion on June 29, 1945. At that time, in disposing of the motion to quash, the Commissioner found that the notice did not meet the requirements of Section 2.2 of Revised Procedural Regulation No. 4. Nevertheless, the Commissioner found that under the circumstances there was no reason for dismissing the entire proceeding. At no time did the plaintiff ask for specifications or register a claim of surprise and ask for a continuance. Rather, he chose to litigate the issues at the formal hearing.

In the Silverman case a motion to quash was also filed, but it was promptly denied. No further efforts were made to obtain particulars as to the dates of the alleged offenses. After the denial of the motion to quash, the hearing proceeded, and evidence was introduced upon the basis of which the Commissioner made his finding, and entered a suspension order.

On appeal to the Hearing Administrator the orders in both cases were affirmed. The plaintiffs now seek to enjoin the enforcement of these orders on the ground that they were issued in violation of the plaintiffs' constitutional rights and are thus invalid.

 Where special statutory provisions do not intervene, the function of judicial review of administrative adjudications is not to supersede administrative judgment, but merely to insure compliance with specific requirements of law and fair procedure within the proper limits of the delegated authority. Federal Communications Commission v. Pottsville Broadcasting Company, 309 U.S. 134, 146, 60 S.Ct. 437, 84 L.Ed. 656; DiMelia v. Bowles, 1 Cir., 148 F.2d 725, 726. In these cases the issues before me on review are: (1) Whether, in the course of the administrative adjudication, the plaintiffs were accorded an adequate opportunity to defend, and a full and fair hearing of the charges against them; (2) whether administrative action was supported by the evidence in such measure that the action may not be labeled arbitrary or capricious.

 It may be conceded that the notices were insufficient under Section 2.2 of Revised Procedural Regulation No. 4. However, the entire proceedings are not thereby invalidated. The notices charged the plaintiffs with "acquiring, possessing, using and transferring" counterfeit red stamps and stated a period of time within which the alleged violations occurred. The appropriate sections of the ration orders were cited, and the language of the orders was incorporated in the charges.

 When the motion to quash in the Weinstein case was taken under advisement, and in the Silverman case was denied, the plaintiffs elected to proceed with the hearing. No specifications were asked prior to the hearing. No claim of surprise was entered at any stage of the hearings. The plaintiffs did not ask for a continuance at the close of the government's case in order to meet the evidence presented. They did not adopt the course of resting on the motion to quash and resisting administrative enforcement by resort to judicial process.

The record indicates that the plaintiffs understood and fully litigated the issues involved. Having elected to proceed with the hearings, and having disregarded obvious methods of obtaining additional specifications, the plaintiffs will not now be heard to say their essential rights were prejudiced by the form of notice used. The Fifth Amendment is designed for the protection of substantial rights, not to guarantee a particular form of procedure. National Labor Relations Board v. MacKay Radio & Telegraph Co., 304 U.S. 333, 350, 351, 58 S.Ct. 904, 82 L.Ed. 1381.

This is not to be taken as a condonation of the type of administrative practices here involved. There is much room for improvement in the adequacy of notices issued by federal administrative agencies. The Hearing Commissioner could have made a prompt ruling on the motion to quash in the Weinstein case in order promptly to apprise the respondent of his position. But I am unable to agree that plaintiffs' substantial rights have been prejudiced.

 On the record before me the findings of fact by the Hearing Commissioner are supported by substantial evidence, and the ultimate findings are neither arbitrary nor capricious.

The prayers for permament injunctions are denied. The actions are to be dismissed.