## VANDENBARK *v.* OWENS-ILLINOIS GLASS CO.

No.. 141. Argued December 13, 1940.—Decided January 6, 1941.

· *Messrs. Paul D. Smith* and *Thomas H. Sutherland* for petitioner.

· *Mr. Lawrence Earl Broh-Kahn,* with whom *Mr. Lloyd T. Williams* was on the brief, for respondent.

MR. JUSTICE REED delivered the opinion of the Court.

This certiorari brings before us for review the determination of the Circuit Court of Appeals that cases at law sounding in tort, brought in the federal courts on the ground of diversity of citizenship, are ruled by the state law as declared by the state's highest court when the judgment of the trial court is entered and not by the state law as so declared at the time of entry of the appellate court's order of affirmance or reversal. We granted the certiorari because of the uncertainty of the law upon this question as contained in this Court's former decisions.

The petitioner here, Virginia Vandenbark, the plaintiff below, is a citizen of Arizona. The defendant, respondent here, the Owens-Illinois Glass Company, is a corporation of Ohio. Petitioner brought an action in the United States District Court for the Northern District of Ohio alleging that as an employee of respondent she had contracted various occupational diseases including silicosis through the negligence of respondent. The trial court sustained a motion to dismiss on the ground that the petition failed to state a cause of action. This ruling was affirmed by the Circuit Court of Appeals with the statement that under the law of Ohio no recovery was permitted, at the time of the judgment in the trial court, for the type of occupational disease alleged by the petitioner to have been contracted by her as the result of respondent's negligence.[1]

It is conceded that at the time the motion to dismiss was sustained neither the Ohio Workmen's Compensation Act [2] nor the common law, as interpreted by the supreme court of that state, gave a right of recovery to petitioner. The constitution of Ohio [3] authorized the passing of laws establishing a state fund out of which compensation for death injuries or occupational diseases was to be paid employees in lieu of all other rights to compensation or damages from any employer who complied with the law. At the time of the dismissal of the petition by the trial court no provision had been made by statute for any of the occupational diseases included in petitioner's complaint. Respondent had fully complied with the Workmen's Compensation Act. The Ohio constitution and compensation statutes passed pursuant to its authority had been consistently construed by the Ohio courts as

---

[1] *Vandenbark* v. *Owens-Illinois Glass Co.*, 110 F. 2d 310, 312.

[2] Ohio Gen. Code (Page, 1937) § 1465–70.

[3] Art. 2, § 35.

withdrawing the common law right and as denying any statutory right to recovery for petitioner's occupational diseases.[4] After the action of the trial court in dismissing the petition, the Ohio supreme court reversed its former decisions and, in an opinion expressly overruling them, declared occupational diseases such as complained of by petitioner compensable under Ohio common law.[5]

While *Erie R. Co. v. Tompkins*[6] made the law of the state, as declared by its highest court, effective to govern tort cases cognizable in federal courts on the sole ground of diversity, there was no necessity there for discussing at what step in the cause the state law would be finally determined. In that case no change occurred in the state decisions between the accident and our judgment. There is nothing in the Rules of Decision section to point the way to a solution.[7]

During the period when *Swift* v. *Tyson*[8] (1842–1938) ruled the decisions of the federal courts, its theory of their freedom in matters of general law from the authority of state courts pervaded opinions of this Court involving even state statutes or local law. As a consequence some decisions hold that a different interpretation of state law by state courts after a decision in a fed-

---

[4] *Zajachuck* v. *Willard Storage Battery Co.*, 106 Ohio St. 538; 140 N. E. 405; *Mabley & Carew Co.* v. *Lee*, 129 Ohio St. 69, 73; 193 N. E. 745.

[5] *Triff* v. *National Bronze & Aluminum Foundry Co.*, 135 Ohio St. 191, 205; 20 N. E. 2d 232.

[6] 304 U. S. 64.

[7] U. S. Code, Title 28, § 725. "Laws of States as rules of decision. The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

[8] 16 Pet. 1.

eral trial court does not require the federal reviewing court to reverse the trial court.[9]

In *Burgess* v. *Seligman,* cited in the preceding note, a statute of Missouri relating to the liability of stockholders of a Missouri corporation was interpreted by the state supreme court contrary to the prior decision of the federal trial court. This Court affirmed the trial court, saying

"So when contracts and transactions have been entered into, and rights have accrued thereon under a particular state of the decisions, or when there has been no decision, of the State tribunals, the Federal courts properly claim the right to adopt their own interpretation of the law applicable to the case, although a different interpretation may be adopted by the State courts after such rights have accrued."[10]

What we conceive, however, to be the true rule to guide a federal appellate court where there has been a change of decision in state courts subsequent to the judgment of the district court was stated, before any of the opinions just cited, in *United States* v. *Schooner Peggy.*[11] The Court there said

"It is, in the general, true, that the province of an appellate court is only to enquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied."

---

[9] *Pease* v. *Peck,* 18 How. 595, 599; *Morgan* v. *Curtenius,* 20 How. 1; *Burgess* v. *Seligman,* 107 U. S. 20, 33; *Concordia Insurance Co.* v. *School District,* 282 U. S. 545, 553.

[10] Cf. *Kuhn* v. *Fairmont Coal Co.,* 215 U. S. 349, 356.

[11] 1 Cranch 103, 110.

It is true this Court was speaking of the intervention of a treaty and also that it expressed a caution against retrospective operation between private parties but the principle quoted has found acceptance in a variety of situations. *Kibbe* v. *Ditto*[12] and *Moores* v. *National Bank*[13] hold that subsequent decisions as to married women's rights control review. *Sioux County* v. *National Surety Company*[14] gives effect to a later decision on a statute as to surety bonds. In *Oklahoma Packing Co.* v. *Oklahoma Gas Co.*,[15] we applied as determinative a state decision, clarifying the local law, handed down after the decree then under consideration here.

While cases were pending here on review, this Court has acted to give opportunity for the application by the lower courts of statutes enacted after their judgments or decrees.[16] It has vacated judgments of state courts because of contrary intervening decisions,[17] and has accepted jurisdiction by virtue of statutes enacted after cases were pending before it.[18] Where, after judgment below, a declaration of war changed the standing of one litigant from an alien belligerent to an enemy, this Court took cognizance of the change and modified the action below because of the new status.[19] Similarly repeal of criminal laws or of a constitutional provision without a saving clause deprives appellate courts of jurisdiction to

---

[12] 93 U. S. 674; see discussion of this case in *Bauserman* v. *Blunt*, 147 U. S. 647, 655–56.

[13] 104 U. S. 625, 629.

[14] 276 U. S. 238, 240.

[15] 309 U. S. 4, 7–8.

[16] *Dinsmore* v. *Southern Express Co.*, 183 U. S. 115; *Missouri ex rel. Wabash Ry. Co.* v. *Public Service Comm'n*, 273 U. S. 126, 130; *Carpenter* v. *Wabash Ry. Co.*, 309 U. S. 23, 26.

[17] *Gulf, C. & S. F. Ry. Co.* v. *Dennis*, 224 U. S. 503; *Dorchy* v. *Kansas*, 264 U. S. 286, 291; *Patterson* v. *Alabama*, 294 U. S. 600, 607.

[18] *Stephens* v. *Cherokee Nation*, 174 U. S. 445, 478; *Freeborn* v. *Smith*, 2 Wall. 160, 174.

[19] *Watts, Watts & Co.* v. *Unione Austriaca*, 248 U. S. 9, 21.

entertain further proceedings under their sanctions.[20] These instances indicate that the dominant principle is that *nisi prius* and appellate tribunals alike should conform their orders to the state law as of the time of the entry. Intervening and conflicting decisions will thus cause the reversal of judgments which were correct when entered.

Respondent earnestly presses upon us the desirability of applying the rule that appellate courts will review a judgment only to determine whether it was correct when made; that any other review would make the federal courts subordinate to state courts and their judgments subject to changes of attitude or membership of state courts, whether that change was normal or induced for the purpose of affecting former federal rulings. While not insensible to possible complications, we are of the view that, until such time as a case is no longer *sub judice,* the duty rests upon federal courts to apply state law under the Rules of Decision statute in accordance with the then controlling decision of the highest state court.[21] Any other conclusion would but perpetuate the confusion and injustices arising from inconsistent federal and state interpretations of state law.

*Reversed.*

MR. JUSTICE MCREYNOLDS concurs in the result.

MR. JUSTICE STONE took no part in the consideration or decision of this case.

---

[20] *United States* v. *Chambers,* 291 U. S. 217, 222.

[21] We have applied the rule enunciated in the case of *Erie R. Co.* v. *Tompkins,* 304 U. S. 64, that state law as determined by the state's highest court is to be followed as a rule of decision in the federal courts, to determinations by state intermediate appellate courts. *West* v. *American Telephone & Telegraph Co., ante,* p. 223; *Fidelity Union Trust Co.* v. *Field, ante,* p. 169; *Six Companies of California* v. *Joint Highway District, ante,* p. 180; *Stoner* v. *New York Life Insurance Co., ante,* p. 464.