Reversed and complaint dismissed.

## DI MELIA v. BOWLES, Price Administrator, et al.

### No. 4057.

Circuit Court of Appeals, First Circuit.

April 17, 1944.

Writ of Certiorari Denied June 18, 1945.

See 65 S.Ct. 1581.

James P. Brennan, of Boston, Mass., for appellant.

William B. Sleigh, Jr., Regional Litigation Atty., and John Galgay, Enforcement Atty., Office of Price Administration, both of Boston, Mass., for appellees.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

PETERS, District Judge.

This is an appeal from a judgment of the District Court dismissing a complaint in which the plaintiff sought to have the defendants enjoined from enforcing an order issued by the Price Administrator suspending the right of the plaintiff to deal in gasoline.

In his complaint the plaintiff asserts that the suspension order has the effect of depriving him of his property and the right to earn a living without due process of law, contrary to the Constitution and laws of the country, and that it was issued in total disregard of the evidence presented at the hearing before the Chief Hearing Commissioner, acting for the Office of Price Administration. In the points relied upon on appeal the plaintiff confines himself to alleged errors in the findings of fact from the evidence and errors in rulings based thereon.

The record shows that the order was issued after a full and fair hearing when the commissioner found that, at the plaintiff's gasoline filling station, there had occurred gross and extensive violations of the regulations covering the dealing in gasoline,—particularly Ration Order 5C, prohibiting selling gasoline without receiving properly attached and indorsed coupons, and Ration Order No. 8, relating to acquiring and possessing counterfeit coupons.

■ The District Court found that there was substantial evidence before the commissioner to sustain his findings of violations of both ration orders referred to and his conclusion that the violations by the employees of the plaintiff were wilful and with knowledge of the spurious nature of the coupons handled. The record shows that the court would not be justified in coming to any other conclusion.

■ The plaintiff claims, however, that he cannot be charged with the violations of his employees without a showing of knowledge and wilfulness on his own part. There was no direct evidence of knowledge or participation by the plaintiff in the violations, although there was evidence indicating a reckless indifference by him, as proprietor of the business, as to what was going on. But, assuming that he had no knowledge of the unlawful conduct of his employees, he is, nevertheless, chargeable by the Price Administrator with their dereliction, as was ruled by the District Court. Talbert v. Sims, 4 Cir., 143 F.2d 958; Carter v. Bowles, D.C., 56 F.Supp. 278.

■ The proceeding before the Price Administrator was not a criminal one. The rationing system, involving the important wartime commodity of gasoline, was set up and operated by an administrative agency, by authority of the President, under the Second War Powers Act. 50 U.S.C.A. Appendix, § 631 et seq. The plaintiff was allowed to participate in that system on conditions, obviously proper and certainly necessary and legal, laid down by the Administrator, as to the handling of gasoline. These conditions, set forth in detail in various Ration Orders, were violated by the plaintiff in his business, through his employees. It makes no difference whether or not he personally took part in or knew of the violations. When he commenced dealing in gasoline he undertook to be responsible for the handling of a rationed product in accordance with the rationing orders.

■ The Price Administrator was given the right under the law to determine on evidence whether regulations had been violated, and,—after proceedings which satisfied the requirements of justice,—to withdraw the permission given the dealer to handle this important wartime commodity, if the conditions had not been kept. The courts cannot review his decision, as on an appeal. Their authority does not go beyond ascertaining whether the proceedings satisfied the demands of due process and whether the action of the administrative body was without errors of law and appropriate under the authority conferred upon it.

Many decisions have clarified the position of administrative tribunals and the scope of review by the courts. Scripps-Howard Radio, Inc., v. Federal Communications Commission, 316 U.S. 4, 10, 62 S.Ct. 875, 86 L.Ed. 1229; Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656; Rochester Telephone Corporation v. United States et al., 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147; Federal Radio Commission v. Nelson Brothers Co., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166, 89 A.L.R. 406; Virginian Railway Co. v. United States, 272 U.S. 658, 663, 47 S.Ct. 222, 71 L.Ed. 463; Interstate Commerce Commission v. Illinois Central R. Co., 215 U.S. 452, 470, 30 S.Ct. 155, 54 L.Ed. 280; Illario v. Bowles, D.C., 57 F.Supp. 404, and cases cited.

■ The plaintiff contends that the suspension order was illegal because of indefiniteness, as by its terms it was to continue "so long as gasoline shall be rationed". This contention is not well founded.

■ When the suspension order was made, and when the judgment of the Dis-

trict Court was rendered, rationing of gasoline was to end on December 31, 1944. By the terms of the Second War Powers Act, the authority of the President to allocate commodities like gasoline was to expire on that date. The Act was amended, however, on December 20, 1944, Pub.Laws 509, 78 Cong. 2nd Sess., 50 U.S.C.A. Appendix, § 645, by substituting the figures "1945" for "1944". Thus, the Act never expired but was simply continued in effect for a longer, but definite, period. It is to be treated as if its original date of expiration was December 31, 1945. United States v. Powers, 307 U.S. 214, 59 S.Ct. 805, 83 L.Ed. 1245.

The amendment is to be given effect and the order now considered as if made to expire on December 31, 1945, the present date of expiration of the authority to make it. Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327; Texas Co. v. Brown, 258 U.S. 466, 474, 42 S.Ct. 375, 66 L.Ed. 721.

The fact that the suspension order may be terminated by discontinuance of gas rationing before the present date set for its termination does not affect its validity. The outside limit of time is fixed, and in any event such an order could be terminated by operation of law, however it was worded.

The suggestion that the order is invalid because of the possibility that Congress may extend the Act again has no merit. The situation would be no different than under the first extension of the Act by Congress. It is not to be assumed that Congress will extend the emergency powers of the President indefinitely and without limit as to date.

When the suspension order is considered in connection with the rationing system, of which it is a part, and the authority by which that system is established, any apparent indefiniteness in the order disappears.

A similar question was considered in the case of Bowles v. Loveman, 4 Cir., 147 F. 2d 645, 647, in which Judge Parker uses the following pertinent language with which we agree:

"It is said that the period of exclusion is thus left uncertain, vague and indefinite, and that the order is void for that reason. We do not think so. It definitely excludes for the period of rationing; and the case is one for the application of the maxim, id certum est quod certum reddi potest. The identical question was before Judge Forman in Illario v. Bowles, D.C., 57 F.Supp. 404, 405, and we agree with his disposition of it. * * *

"If rationing is to continue, as it unquestionably should, so long as the need for it exists, there can be no justification for limiting the power of the Administrator so as to preclude his discharging his duties effectively; and, if he is to discharge them effectively, he should have the power to suspend for the period of rationing those dealers in rationed commodities whose activities are a menace to rationing."

We find no error of law in this or any other ruling of the District Court in dismissing the complaint.

The judgment of the District Court is affirmed.