**Jack STANLEY, Thomas A. Warren, Isom Meyers and Hubert Stanley, Appellants.**

v.

**UNITED STATES of America, Appellee.**

No. 12969.

United States Court of Appeals Sixth Circuit.

Oct. 24, 1957.

John Y. Brown, Lexington, Ky., Grant Stetter and Lester P. Schoene, Washington, D. C., for appellants.

Henry J. Cook, B. Robert Stivers and Marvin Jones, Lexington, Ky., for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

PER CURIAM.

In this case, after extended jury trials in the District Court, appellants were found guilty of conspiracy to violate and of substantive violation of the Federal Train Wreck Act, Title 18 U.S.C. § 1992. The convictions were sustained in this court. Stanley v. United States, 6 Cir., 245 F.2d 427.

Appellants have filed a motion asking this court to vacate its judgment entered herein on May 22, 1957, and also to direct the District Court to order the Government to produce for inspection by appellants all reports, notes, or other records made by FBI agents Frank Staab, James Rinks, John Gerdis, or other personnel of the Department of Justice as to interviews had by any of the said agents with one or more of appellants, and also produce the minutes of the Federal Grand Jury of May term, 1955, and of January term, 1956, for the Eastern District of Kentucky, relating to their investigation of the burning on April 6 and 7, 1955, of a bridge near Miracle, Kentucky.

■ Appellee has filed a motion to dismiss appellants' motion on the ground of lack of jurisdiction. We consider that we have jurisdiction in the premises and appellee's motion to dismiss is therefore denied.

No motion for discovery was made at the trial in the District Court nor in the proceedings in this court. No application for rehearing was filed in this court and no motion for certiorari was filed in the Supreme Court of the United States.

■ Appellants' motion is based primarily upon the decision in Jencks v.

United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. That part of the motion which asks for the production of records made by other FBI agents than Staab and Rinks clearly has no merit. Staab and Rinks were the only FBI agents who testified at the trial.

■ Upon consideration of appellants' extensive briefs and reconsideration of the record we conclude that the motion must be denied in its entirety. The factual distinctions require us to hold that the decision in the Jencks case, supra, does not apply here. In the Jencks case a motion for discovery of FBI records had been made to the District Court and denied, Jencks v. United States, supra, 353 U.S. at page 665, 77 S.Ct. 1007. Here no such motion was made until the completion of the trial, sentence and affirmance of the convictions by this court. Also in the Jencks case the reports made by the two paid informers were sought to be produced for purposes of impeachment, Jencks v. United States, supra, 353 U.S. at page 669, 77 S.Ct. 1007. In the instant case the important declarations of appellant Jack Stanley made to Agent Staab of the FBI and presented in evidence were in effect admitted at the trial by appellant Jack Stanley. At the trial Jack Stanley reaffirmed his own written statement given to Staab, said that it was true, and in substance admitted making oral statements which the jury evidently considered to be proof of complicity on the part of the other appellants. We find nothing in the Jencks case, supra, which is authority for the proposition that the records of statements, oral or written, made to the FBI as to declarations of a defendant admitted by him in open court to be true, or not denied, may be impeached by discovery of FBI records after trial is concluded, after sentence is imposed and the judgment affirmed.

■ The instant case was fully and fairly tried under the law existing at the time of trial and of hearing in this court. The Supreme Court in the case of Vanderbark v. Owens-Illinois Glass Company, 311 U.S. 538, 543, 61 S.Ct. 347, 85 L.Ed.

327, declared that appellate tribunals must conform their orders to the state law as of the time of entry. Necessarily the same principle applies with reference to federal law. The trial was fair and substantial justice was done.

Appellants' motion is denied.