255 F.2d 454
 UNITED STATES of America, Respondent-Appellee,
v.
Julio Pinto GANDIA, Juan Francisco Ortiz Mediana, Jose A.
Otero Otero, Rosa Collazo, Juan Bernardo Lebron,
Carmelo Alvarez Roman, Armando Diaz
Matos, and Manuel Rabago
Torres,
Petitioners-
Appellants.
 No. 328, Docket 24978.
 United States Court of Appeals Second Circuit.
 Argued April 30, 1958.
Decided May 15, 1958.
 
 Abraham Unger, New York City, for appellant Juan Bernardo Lebron.
 Abraham Dubno, Brooklyn, N.Y., for appellant Jose A. Otero Otero.
 Conrad J. Lynn, New York City, for appellants Gandia, Medina, Collazo, Roman, Matos and Torres.
 Jerome J. Londin, Asst. U.S. Atty., New York City (Paul W. Williams, U.S. Atty., New York City, on the brief), for the United States.
 Before CLARK, Chief Judge, and HINCKS and STEWART, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellants, with others, were convicted in 1954 of seditious conspiracy in violation of 18 U.S.C. 2384. At the trial the defense requested to see written reports which had been given by a Government witness to the prosecution. Following the procedure then prevailing, the trial judge inspected the reports and, finding that they were not inconsistent with the witness' testimony, denied the defense access to them. The convictions were affirmed by this court. United States v. Lebron, 222 F.2d 531. As that opinion shows, this court, on the appeal, inspected the reports and agreed with the trial judge that no inconsistency was shown.[1] 222 F.2d at page 537. A joint petition for certiorari was filed which was based in part on the denial of access to the reports, but certiorari was denied, sub nom. Lebron v. United States, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774. Thereafter, in June 1957, the Supreme Court handed down its opinion in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. Appellants, contending that their convictions and sentences were illegal because of the Jencks rule, moved under 28 U.S.C.A. 2255 to vacate their convictions and for a new trial. The appeal now before us is from a denial of these motions.
 
 
 2
 We think the order below was right. In the Jencks case the Supreme Court did not hold that constitutional considerations entitled defendants to access to a witness' reports. Rather, it announced only an evidentiary and procedural rule to be followed in the trial of criminal cases in the federal courts. Cf. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819. Consequently, the ruling on trial, of which the appellants complain, merely because it did not accord with the Jencks rule was not violative of the Constitution. Nor, in the context of the record of this case did the ruling constitute an error of such character and dimensions as to deprive the appellants of a fair trial or create an infirmity grave enough to warrant the relief for which 2255 was enacted.
 
 
 3
 Indeed, it has been held that subsequent changes in substantive law did not warrant relief under this section. Meyers v. United States, 86 U.S.App.D.C. 320, 181 F.2d 802, certiorari denied 339 U.S. 983, 70 S.Ct. 1030, 94 L.Ed. 1387; Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642, 136 A.L.R. 1025, certiorari denied 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed. 543; cf. Sunal v. Large, 332 U.S. 174, 181-182, 67 S.Ct. 1588, 91 L.Ed. 1982. There is even less reason to disturb a conviction on the basis of a subsequent procedural or evidentiary change in the law. Stanley v. United States, 6 Cir., 249 F.2d 64. This is especially so here. For it appears that this court previously on the direct appeal, having examined the material which had been withheld from the defense, found nothing therein to contradict the Government witness. Consequently, now on appeal from the 2255 motion it cannot be said that the 'error' which eventuated from the subsequent change of the law deprived the appellants of a fair trial.
 
 
 4
 Affirmed.
 
 
 
 [1]
 Though this issue was apparently raised by only one defendant (Juan Bernardo Lebron) on the direct appeal for present purposes we treat that as having raised the issue for all the defendants