**UNITED STATES of America**
v.
**Louis FRANKLIN, Jerry Bloch.**
Crim. No. 22596.

United States District Court
N. D. Ohio, E. D.
Feb. 17, 1959.

Russell E. Ake, U. S. Atty., James C. Sennett, Jr., Asst. U. S. Atty., Cleveland, Ohio, for plaintiff.

James C. Herndon, Sam D. Bartlo, Akron, Ohio, Bennet Kleinman, Cleveland, Ohio, for defendant.

WEICK, District Judge.

The motion raises substantially the same defenses as were urged at the trial.

Briefly, it is contended that the applicable statutes (Title 26 U.S.C. § 1700(e) I.R.C. of 1939, Title 26 U.S.C. § 4231(6) I.R.C. of 1954) in imposing the cabaret tax for the periods in question require more than the combination of music and dancing privileges, namely, a public performance by a singer, comedian, juggler, etc.

Section 1700(e) I.R.C. of 1939, in part, provides:

"(e) Tax on cabarets, roof gardens, etc.—

"(1) Rate. A tax equivalent to 20 per centum of all amounts paid for admission, refreshment, service, or merchandise, at any roof garden, cabaret, or other similar place furnishing a public performance for profit, by or for any patron or guest who is entitled to be present during any portion of such performance. *The term 'roof garden, cabaret, or other similar place' shall include any room in any hotel, restaurant, hall, or other public place where mu-*

*sic and dancing privileges or any other entertainment, except instrumental or mechanical music alone, are afforded the patrons in connection with the serving or selling of food, refreshment, or merchandise.* In no case shall such term include any ballroom, dance hall, or other similar place where the serving or selling of food, refreshment, or merchandise is merely incidental, unless such place would be considered, without the application of the preceding sentence, as a 'roof garden, cabaret, or other similar place'. A performance shall be regarded as being furnished for profit for purposes of this section even though the charge made for admission, refreshment, service, or merchandise is not increased by reason of the furnishing of such performance."

Section 4232(b) I.R.C. of 1954, 26 U.S. C. § 4232(b) contains provisions somewhat similar to the second sentence of Section 1700(e), italicized above, and defendants' barroom would seem to be included within the scope thereof.

While the statute does not define the term "public performance", it was defined by regulation as follows:

"Title 26, Internal Revenue Section 101.14, Code of Federal Regulations.

"(b). Where music, whether by an orchestra, a mechanical device, or otherwise, and a space in which the patrons may dance is furnished in the dining room of a hotel, or in a restaurant, bar, etc., the entertainment constitutes a public performance for profit at a roof garden, cabaret, or similar place, and the payments made for admission, refreshment, service, and merchandise are subject to the tax."

It has been held that these statutes were the proper subject for definitive regulations and that such regulations were valid. Birmingham v. Geer, 8 Cir., 1950, 185 F.2d 82, certiorari denied 340 U.S. 951, 71 S.Ct. 571, 95 L.Ed. 686; Avalon Amusement Corp. v. United States, 7 Cir., 165 F.2d 653.

Proof of a combination of music and dancing satisfies the public performance requirements of the statute. Avalon Amusement Corp. v. United States, supra; Baldwinson v. United States, D.C.W.D.Wash., 80 F.Supp. 687.

The Court in his oral opinion at the trial cited Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211 as authority for the proposition that the taxing statutes should be strictly construed against the Government. Defendants point out that the correct rule as announced in White v. United States, 305 U.S. 281, 59 S.Ct. 179, 184, 83 L.Ed. 172 is "what the construction fairly should be."

The fact that the Court applied a rule of strict construction instead of a less stringent one was favorable to the defendants and they have no cause for complaint.

The evidence in the case was conflicting. It was reviewed by the Court in the oral opinion at the conclusion of the trial and need not be repeated here.

The space provided for dancing need not be roped off or consist of any definite number of feet. It was located in defendants' barroom and patrons did dance there. Perhaps on occasions they were crowded, but this is immaterial.

Nor does the fact that when police officers visited the premises dancing was stopped provide any defense. This merely tends to show guilty knowledge.

It is next contended that the Court erred in failing to order the Government to produce certain exhibits attached to the written reports of Special Agents Duval and Auerbach.

The reports (without the exhibits) were produced by the Government and marked Defts' Exhibits "G", "I" and "J". Defendants did not even offer these reports in evidence.

They now complain because the Court did not order the production of

exhibits attached to these reports. These exhibits were not statements of either Duval or Auerbach. They consisted principally of statements of other witnesses. The Government was not required to produce the statements of other witnesses. Stanley v. United States, 6 Cir., 1957, 249 F.2d 64.

The letter of referral of Special Agent Duval was interdepartmental correspondence and by no stretch of the imagination could it be considered as Duval's statement.

 It is further contended that Title 18 U.S.C. § 3500 is unconstitutional because of the provisions for in camera inspection of statements by the Court and permitting the excision of irrelevant portions thereof.

The statute was upheld in Scales v. United States, 4 Cir., 1958, 260 F.2d 21; Cf. United States v. Spangelet, 2 Cir., 1958, 258 F.2d 338; United States v. Gandia, 2 Cir., 255 F.2d 454.

It would appear that Congress has the right to regulate procedure and prescribe rules of evidence in criminal cases. Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519; United States v. Consolidated Laundries Corporation, D.C., 159 F.Supp. 860.

Defendants sought to introduce evidence with respect to an examination by the Government into the income tax liability of defendants for the years 1953, 1954 and 1955.

This was a collateral matter and had no relevancy with respect to the excise tax liability. Hence, the evidence was properly excluded.

Complaint is made concerning the admission of testimony in rebuttal of the witnesses Agent Duval and Helen Hetrick concerning the circumstances incident to the taking of the statement of the defendants' witness Tipton Merriweather. This witness had made rather serious charges concerning the conduct of Special Agent Auerbach and it was the duty of the Court to hear both sides of the matter.

The evidence was ample to support the judgment of conviction.

The motion in arrest of judgment for acquittal and for a new trial is, therefore, overruled.