UNITED STATES of America, Plaintiff,

v.

Joseph Aguilar GAITAN and Dolores Marie Gaitan, Defendants.

Civ. A. No. 6893.

United States District Court
D. Colorado.

Oct. 28, 1960.

Donald G. Brotzman, U. S. Atty., and Jack K. Anderson, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Walter L. Gerash, Denver, Colo., for defendants.

ARRAJ, Chief Judge.

This matter is before the Court on defendants' motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. The matter was heard by the Court on October 28, 1960, on the undisputed facts presented below.

Defendants were charged with and convicted of narcotics law violations of possessing and concealing marihuana and conspiring to transfer marihuana. Members of the police force of the City and County of Denver had obtained evidence supporting conviction by an illegal search of the Gaitans' apartment. Prior to trial a motion to suppress this evidence was denied and the evidence was admitted in the defendants' trial. Appeal to the Tenth Circuit Court of Appeals, 252 F.2d 256 resulted in affirmance of the convictions; a rehearing was denied February 8, 1958, and a writ of certiorari was denied by the United States Supreme Court on April 28, 1958, 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 812.

Subsequently, on June 27, 1960, the Supreme Court of the United States decided Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 and Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 1433, 4 L.Ed.2d 1688. The Court held "that evidence seized in an unreasonable search by state officers is to be excluded from a federal criminal trial upon the timely objection of a defendant who has standing to complain". Rios v. United States, supra. Defendants here contend that the holding of these cases entitles them to relief under 28 U.S.C. § 2255.

▓ If this case arose today defendants would clearly be entitled to have this illegally obtained evidence excluded, and would be entitled to a reversal of their conviction on appeal if it were admitted by the trial court. But the scope of the jurisdiction of this Court under 28 U.S. C. § 2255 is considerably more limited than the scope of jurisdiction on appeal. Relief can be granted only "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or

**676**

otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack". 28 U. S.C. § 2255.

■ If the admission of this evidence was in itself a violation of the Constitution, Sec. 2255 would undoubtedly be applicable. However, Sec. 2255 is not applicable where the question raised is merely one of admissibility of evidence even though such question relates to Constitutional rights. United States v. Walker, 2 Cir., 197 F.2d 287; Howell v. United States, 4 Cir., 172 F.2d 213; Eury v. Huff, 4 Cir., 141 F.2d 554.

■ Although the matter may have been unclear before Elkins, it is now clear that what we face is not a constitutional question. The Court in Elkins v. United States, supra, 364 U.S. at page 208, 80 S.Ct. at page 1439 said, "We granted certiorari, 361 U.S. 810 [80 S.Ct. 61, 4 L.Ed.2d 58], to consider a question of importance in the administration of federal justice". At page 216 of 364 U.S., at page 1443 of 80 S.Ct. the Court said, "What is here invoked is the Court's supervisory power over the administration of criminal justice in the federal courts, under which the Court has 'from the very beginning of its history, formulated rules of evidence to be applied in federal criminal prosecutions.' " These examples of specific language, showing the matter here to be a question of the admissibility of evidence, are reinforced by a reading of the entire opinion.

However, the defendants argue that even if the Elkins rule is a rule of admissibility of evidence, 28 U.S.C. § 2255 is still applicable since the reason for the exclusion under Elkins is to enforce the Constitutional provision against illegal search and seizure.

Since Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, decided in 1914, evidence illegally obtained by federal officers has been inadmissible in federal courts. But 28 U.S.C. § 2255

has never been available to attack a judgment and sentence based on a violation of that rule. Barber v. United States, 10 Cir., 197 F.2d 815; Griffin v. United States, 103 U.S.App.D.C. 317, 258 F.2d 411; Plummer v. United States, 104 U.S.App.D.C. 211, 260 F.2d 729; Jones v. Attorney General of the United States, 8 Cir., 278 F.2d 699. The Elkins rule is an extension of the above rule to exclude in federal courts evidence illegally obtained by state officers as well as that illegally obtained by federal officers. No convincing reason appears why 28 U.S.C. § 2255 should be available for situations where the evidence was, as here, illegally obtained by state officers when it has never been available where the evidence was illegally obtained by federal officers. The rule and the reason for the rule are the same in both instances.

■ Defendants contend that the cases involving evidence illegally obtained by federal officers are distinguishable since in most of those cases there had been no appeal from the trial court decision. No reason appears why a previous appeal would make something subject to collateral attack that never otherwise was subject to such attack. Decisional change of the law after appeal has been held not to create such infirmity as to be remediable under 28 U.S.C. § 2255. United States v. Gandia, 2 Cir., 255 F.2d 454.

■ For relief under 28 U.S.C. § 2255, an error must have been of such grave character as to have deprived defendants of a fair trial. United States v. Gandia, supra; United States v. Angelet, 2 Cir., 255 F.2d 383. The record of this case reveals no such error.

It is the conclusion of this Court that the merits of defendants' motion cannot be considered since 28 U.S.C. § 2255 is not available to reach the question here raised by defendants. It is therefore,

Ordered that the motion to vacate sentence under 28 U.S.C. § 2255 be and the same is hereby denied.