Patricia SQUIRES, individually and as Administratrix of the Estate of John C. Squires, deceased, Plaintiff,

v.

The TOWN OF ISLIP, Defendant.

The TOWN OF ISLIP, Third-Party Plaintiff,

v.

DOHERTY ELECTRIC CORPORATION and Boston Old Colony Insurance Company, Third-Party Defendants-Appellants.

DOHERTY ELECTRIC CORPORATION and Commercial Insurance Company of Newark, New Jersey, as Subrogee of Doherty Electric Corporation, Fourth-Party Plaintiffs-Appellants,

v.

MIDDLESEX INSURANCE COMPANY, Fourth-Party Defendant-Appellee.

No. 254, Docket 82–7289.

United States Court of Appeals, Second Circuit.

Argued Nov. 29, 1982.

Decided Dec. 27, 1982.

James M. Kenny, New York City (McHugh, Leonard & O'Conor, New York City, of counsel), for third-party defendants-appellants and fourth-party plaintiffs-appellants.

Louis J. Castellano, Jr., P.C., Garden City, N.Y., for fourth-party defendant-appellee.

Before LUMBARD, MANSFIELD and KEARSE, Circuit Judges.

MANSFIELD, Circuit Judge:

Doherty Electric Corporation ("Doherty") and Commercial Insurance Co. ("Commercial")[1] appeal from a judgment entered in the Eastern District of New York, George C. Pratt, *Judge,* dismissing their complaint alleging coverage under an automobile liability insurance policy issued by Middlesex Insurance Company ("Middlesex"). Be-

cause the applicable state law in this diversity case changed shortly before the decision of the district court was filed, in a decision of New York's highest court which was not called to the attention of the district court, we reverse and remand for further proceedings.

In 1975, John Squires, an employee of Doherty, was killed by electrocution while operating an aerial lift bucket truck rented to Doherty by Aerial Lines, Inc. ("Aerial") on work being done by Doherty for the Town of Islip, N.Y. In 1979, in a jury trial before Judge Pratt of a wrongful death action brought by Squires' estate against Islip, Aerial and others, the jury found Islip liable for Squires' death, and found Doherty liable to Islip. Doherty and Islip then settled with Squire's estate for $750,000, of which Doherty was to pay $618,750. Doherty reserved any rights it had against Middlesex, the insurer for Aerial.[2]

In October 1979, during the Squires trial, Doherty became aware for the first time that Middlesex had issued an insurance policy to Aerial that covered Doherty as a "person insured" under the policy and the bucket truck as a vehicle thereunder. Doherty then requested Middlesex to indemnify it for any liability Doherty might incur as a result of the accident. Failing to receive the requested indemnification Doherty in June 1981 (almost two years after its request) filed a complaint against Middlesex on this claim, alleging that because Doherty was using the aerial lift bucket with the permission of Aerial, Doherty was entitled to coverage under Aerial's policy issued by Middlesex. In September 1981, in an amended answer to Doherty's complaint, Middlesex for the first time disclaimed liability under two theories relevant here: (1) that Doherty had failed to give Middlesex timely notice of its claim, and was therefore barred from claiming coverage under the policy, and (2) that there was no coverage under the policy in any event because of a provision in the policy that excluded from coverage

---

1. We refer to Doherty and Commercial collectively as "Doherty."

2. Middlesex, as the insurance carrier for Aerial, had participated in the defense and trial of the underlying claim of the Squires' estate against Aerial.

"bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or . . . any obligation of the insured to indemnify another because of damages arising out of such injury."

The district court rejected the first of these defenses. It found that Middlesex, when the suit by Squires' estate was being tried in October 1979, had a valid defense to Doherty's claim based on Doherty's tardiness in notifying Middlesex of the claim, but that it had lost that defense by failing after being advised of the claim to assert the defense promptly by way of written disclaimer, as is required by § 167(8) of the New York Insurance Law:[3]

"If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant."

The district court next found that the "employee" exclusion, supra, was applicable and that Doherty's claim, being based on subrogation to Squires' claim as its employee, was excluded from coverage. However, it then went on to hold that, in contrast to the tardiness defense which had been waived, the defense based on the "employee" exclusion had not been waived under § 167(8), supra, by Middlesex's failure to make a prompt disclaimer based on that exclusion. The district court based its holding on the decision of the New York Court of Appeals in Albert J. Schiff Associates, Inc. v. Flack, 51 N.Y.2d 692, 435 N.Y.S.2d 972, 417 N.E.2d 84 (1980), which held that a defense of lack of coverage is not waived by failure to assert it in a notice of disclaimer. In that case the policy expressly limited coverage to claims based on negligence, which did not embrace the plaintiff's claim of willful misconduct. The court reasoned

that a failure to disclaim cannot expand the expressed scope of the insurance coverage. Applying this principle, the district court, without drawing any distinction between lack of express coverage and a policy exclusion, dismissed Doherty's claim as falling under the "employee" exclusion in the Middlesex policy.

Doherty here contends that this case is governed by a later modification of Schiff Associates made by the New York Court of Appeals in its recent decision in Zappone v. Home Insurance Co., 55 N.Y.2d 131, 447 N.Y.S.2d 911, 432 N.E.2d 783 (1982), which was handed down only two weeks before the district court's ruling in the present case. In Zappone the court reaffirmed and applied the principle of Schiff Associates, holding that an insurer's failure to disclaim liability as literally required by the words "deny coverage" in § 167(8) does not obligate the insurer to disclaim liability for risks or occurrences that are not included in the express coverage of the policy. However, more important for present purposes, the court construed the term "deny coverage" as requiring the insurer, when the risk is included within the policy's express coverage terms, to disclaim liability when it relies upon an exclusion in the policy. Said the court:

"[A carrier] may deny liability because although the person and the vehicle are covered by the policy the circumstances of the accident bring a policy exclusion into play, for example, that the person injured is an employee of the insured whose injury arose out of and in the course of his employment . . . . [In that case,] the policy covers the driver and the vehicle and the accident would be covered except for the specific policy exclusion and the carrier must deny coverage on the basis of the exclusion if it is not to mislead the insured and the injured person to their detriment.

. . . .

" . . . we conclude that the Legislature in using the words 'denial of coverage' did not intend to require notice when there

3. We agree with the parties that New York law governs the merits of this case.

never was any insurance in effect, and intended by that phrase to cover only situations in which a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of an exclusion in the policy." *Zappone v. Home Ins. Co.,* 55 N.Y.2d 131, 135, 138, 447 N.Y.S.2d 911, 914, 915, 432 N.E.2d 783, 786, 787.

■ We agree with Doherty's argument that *Zappone* decisively rules out the defense that the district court found dispositive in this case. Here, as in the *Zappone* hypothetical, it is clear that the driver and the vehicle were covered under the insurance policy; under these circumstances, the insurer must either promptly disclaim liability based upon a policy exclusion or else forfeit the right to rely on that exclusion. Since the district court found that Middlesex did not timely disclaim liability, Middlesex may not raise the policy's "employee" exclusion as a defense.

Although the district court made its ruling in this case without the benefit of the ruling of the Court of Appeals in *Zappone,* which was decided only two weeks before the district court issued its opinion and which the parties did not bring to the district court's attention,[4] we are obligated in this diversity case to apply the most recent exposition of the relevant state law. See *Vandenbark v. Owens-Illinois Glass Co.,* 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941); *Robinson v. MFA Mutual Insurance Co.,* 629 F.2d 497, 500–01 (8th Cir.1980). Therefore, we reverse and hold that Middlesex waived any defense based on the "employee" exclusion by its failure to make a prompt disclaimer of liability under that exclusion.[5]

Middlesex contends that even if *Zappone* is applicable, this court should affirm the ruling of the district court on two alternative grounds: (1) that Doherty breached the policy by failing to give Middlesex prompt notice of its claim, and (2) that Doherty's claim is precluded by principles of laches and estoppel because of Doherty's four-year delay in notifying Middlesex of its claim. In addition, Middlesex raised before the district court other defenses not ruled upon by the district court in its opinion, in light of the district court's dismissal of the complaint on other grounds already noted. In particular, Middlesex argued below that its insurance was excess insurance because the vehicle in which Squires was working at the time of his death was a "hired automobile." See A. 240a.

■ The district court properly rejected the first of these defenses. Although Middlesex may have been entitled to disclaim coverage in October 1979 based on Doherty's tardiness, it lost that right by its own delay in failing until September 1981 to disclaim coverage on that basis. *Hartford Insurance Co. v. County of Nassau,* 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979). The district court's opinion suggests that the laches defense, like the defense based on the notice requirements of the insurance policy, was waived by Middlesex's failure to make a timely disclaimer

---

4. There is some question whether the decision of the Court of Appeals in *Zappone* was truly "new law." That decision was an affirmance of a decision of the Appellate Division of the New York Supreme Court, which had also suggested, in passing, that a defense based on a policy exclusion will be lost if not promptly asserted. *Zappone v. Home Ins. Co.,* 80 A.D.2d 661, 662, 436 N.Y.S.2d 402, 404 (3d Dept.1981). However, since the *Schiff* decision upon which the district court relied was a decision of the state's highest court, while the earlier *Zappone* opinion was the decision of a lower state court, the district court's ruling was a fair interpretation of New York law prior to the decision of the Court of Appeals in *Zappone.* Even if the later decision in *Zappone* were not "new law," however, we would be obligated to apply an applicable state precedent even if it had not been pointed out to the district court. Cf. *Vandenbark v. Owens-Illinois Glass Co.,* 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327 (1941); 1A J. Moore, Moore's Federal Practice § 0.307[3] (1978).

5. Middlesex argues that Doherty made a "concession of law" when it agreed in its reply brief before the district court that under New York law Middlesex had no duty to make a timely disclaimer of liability on account of the "employee" exclusion. Parties, however, cannot bind a court by a "concession of law." See *Orloff v. Willoughby,* 345 U.S. 83, 87, 73 S.Ct. 534, 537, 97 L.Ed. 842 (1953).

based on that point; the opinion is not, however, explicit on this point. See A. 265a, 273a. We therefore leave both this issue and the "excess insurance" issue for the district court on remand.

The judgment dismissing Doherty's complaint is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.