# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KERRY MOORE; KELLIE MOORE, and
the marital community thereof,
              *Plaintiffs-Appellants,*

v.

KING COUNTY FIRE PROTECTION
DISTRICT NO. 26; JAMES D.
POLHAMUS; DAVID LAWRENCE;
JERRY HARRIS; GARY BOLLINGER,
              *Defendants-Appellees.*

No. 06-35948

D.C. No.
CV-05-00442-JLR
Western District of
Washington, Seattle

ORDER
CERTIFYING
QUESTION TO
THE
WASHINGTON
SUPREME COURT

Filed September 24, 2008

Before: Kim McLane Wardlaw, Richard R. Clifton and
N. Randy Smith, Circuit Judges.

## COUNSEL

Gretchen Graham Salazar (argued), Bruce Winchell, Kasey D.
Huebner, Mills Meyers Swartling, Seattle, Washington, for
the appellants.

Michael A. Patterson (argued), Sarah S. Mack, Patterson
Buchanan Fobes Leitch & Kalzer, Inc., P.S., Seattle, Washington, for the appellees.

E. Christina Beusch (argued), Linda A. Dalton, Assistant
Attorneys General, Olympia, Washington, for the intervenor,
Washington State Human Rights Commission.

## ORDER

This employment discrimination case presents a question of Washington state constitutional law. Kerry Moore, a firefighter in Washington State, was discharged for dereliction of duty after taking extended periods of time off from work to seek treatment for his chronic kidney disease. Moore brought suit in federal court raising state and federal employment discrimination claims against the Fire District as well as a number of individual defendants. The district court granted the defendants' motion for summary judgment on Moore's claims pursuant to 42 U.S.C. § 1983. The remaining state law claims proceeded to trial. The jury found that Moore was not disabled under the state law disability discrimination statute. After trial but before this appeal, the Washington Legislature broadened the definition of "disability" in the relevant state statute, the Washington Law Against Discrimination ("WLAD"), and indicated that the amendment would apply retroactively.

On appeal we are asked to decide whether retroactive application of the 2007 legislation violates the separation of powers doctrine under the Washington Constitution. Given the important state constitutional question presented here, we certify the question to the Washington Supreme Court.

### I

The state law issue[1] that we face arises out of Moore's claim that the defendants violated the WLAD, which prohibits employment discrimination on the basis of, among other things, a person's disability. *McClarty v. Totem Electric*, 137 P.3d 844, 847 (Wash. 2006). Prior to 2006, the Washington

---

[1]This certification order addresses only Moore's state law claim. We defer submission on both Moore's state law and federal law claims pending a decision by the Washington Supreme Court regarding the certified question presented here.

State Human Rights Commission defined "disability" as any "sensory, mental, or physical" condition that causes an individual to be discriminated against. *Id.* at 848. In 2006 the Washington Supreme Court, in *McClarty*, declined to accept that definition and instead adopted a narrower definition of "disability." Under *McClarty* a plaintiff bringing suit under the WLAD had to show that he has "(1) a physical or mental impairment that substantially limits one or more of his major life activities, (2) a record of such an impairment, or (3) [that he was] regarded as having such an impairment." *Id.* at 851. At Moore's trial the district court instructed the jury on the state law claim based on the *McClarty* definition of "disability."

In 2007, in direct response to *McClarty*, the Washington Legislature passed Substitute Senate Bill 5340. The legislation adopted the Human Rights Commission's definition of "disability" as "the presence of a sensory, mental, or physical impairment . . . whether it is temporary or permanent, common or uncommon, mitigated or unmitigated, or whether or not it limits the ability to work generally or work at a particular job or whether or not it limits any other activity . . . ." RCW § 49.60.040(25)(a). The Legislature explicitly made the amendment retroactive and applicable to all causes of action "occurring before July 6, 2006," the date *McClarty* was filed. It is undisputed that Moore's cause of action occurred prior to July 6, 2006. Therefore, Moore argues that he is entitled to a new trial on his WLAD claim so that a jury can evaluate whether he was disabled under the 2007 definition of the term "disability." The defendants argue that the retroactive application of the 2007 amendments violates the state constitution's separation of powers doctrine.

Although the Washington Legislature may enact retroactive legislation, the Washington Supreme Court has recognized limitations to that general rule: "[a]ny attempt by the Legislature to contravene retroactively this Court's construction of a statute" could violate the state constitutional doctrine of sepa-

ration of powers by "effectively . . . giving license to the [L]egislature to overrule [the Supreme] Court." *Magula v. Benton Franklin Title Co.*, 930 P.2d 307, 313 (Wash. 1997) (citations and internal quotation marks omitted). While the Washington Supreme Court has rejected separation of powers challenges to retroactive legislation, it has implicitly continued to recognize, at least in theory, that such a limit to the legislature's power exists. *See, e.g., Barstad v. Stewart Title Guaranty Co.*, 39 P.3d 984 (Wash. 2002) (en banc); *Tomlinson v. Clarke*, 825 P.2d 706, 713 (Wash. 1992) (en banc).

Thus we are asked to decide a question of Washington constitutional law: whether the retroactive application of the 2007 amendment to the WLAD violates the state constitutional doctrine of separation of powers. We certify this question to the Washington Supreme Court because the answer is dispositive of Moore's state law claim, the state law is unclear, and principles of federalism militate in favor of certification. *See* RCW § 2.60.020.

First, the answer to the question is "necessary to . . . dispose of" Moore's state law claim."[2] *Id.* During both the pretrial motions and the trial itself one of the major issues was whether Moore was disabled under the state definition. The jury concluded that Moore was not disabled under the narrower *McClarty* definition. Moore's chronic kidney disease arguably fits under the broader 2007 definition of "disability"

---

[2]Moore argues that we are compelled to apply the state statute retroactively *regardless* of whether the state court would do so. *See Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 541 (1941); *Nelson v. Brunswick Corp.*, 503 F.2d 376, 381 (9th Cir. 1974). We reject that argument because the highly unusual circumstances here—the state legislature's attempt to reverse a state supreme court decision—take this case out of the ordinary rule that state court rules of decision apply retroactively in federal court. *See Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866 (8th Cir. 1966). In light of the constitutional challenge, it would be imprudent, under principles of comity and federalism, to apply the state statute retroactively if the state court would not do the same.

because the pain may have limited his ability to work and perform other activities. *See* RCW § 49.60.040(25)(a). Thus, if the amendment applies retroactively without offending the state constitution, Moore may be entitled to a new trial.

Second, the state law is unsettled. *See* RCW § 2.60.020. There are arguably conflicting state court of appeals decisions regarding the separation of powers doctrine and retroactive legislation. *Compare Marine Power & Equip. Co. v. Wash. State Human Rights Comm'n*, 694 P.2d 697 (Wash. App. 1985) (rejecting a separation of powers challenge to an amendment that provided a remedy that the courts had not previously recognized), *with In re Personal Restraint of Stewart*, 75 P.3d 521 (Wash. App. 2003) (concluding that the legislation passed was in direct contravention of a state court decision and therefore violated the separation of powers doctrine). Federal district court decisions that have addressed this question in the context of the 2007 WLAD amendment have reached different conclusions. *Compare Delaplaine v. United Airlines, Inc.*, 518 F.Supp.2d 1275 (W.D. Wash. 2007) (concluding that the 2007 amendment to the WLAD is constitutional and applies retroactively), *and Breeden v. Kaiser Aluminum & Chem. Corp.*, No. C05-363LRS, 2007 WL 1461290 (E.D. Wash. May 16, 2007) (same), *with Varga v. Stanwood-Camano Sch. Dist.*, No. C06-178MJP, 2007 WL 2193740 (W.D. Wash. July 27, 2007) (concluding that the retroactive application of the 2007 WLAD amendment violates the state separation of powers doctrine).

Other considerations also weigh in favor of certification. The parties have informed us that a similar challenge to the retroactive application of the WLAD is currently pending review by the Washington Supreme Court in *Hale v. Wellpinit Sch. Dist. #49*, No. 80771-0. Judicial economy favors allowing the state court the option of considering these cases together. Finally, the question presented is an important one of state constitutional law that implicates the balance of power in the Washington state government. Principles of fed-

eralism and comity militate in favor of allowing the state to dictate which branch of government has the power to decide its own law.

## II

In light of the foregoing discussion, and because the answer to this question is "necessary to ascertain the local law of this state in order to dispose" of the issues on appeal, RCW § 2.60.020, we respectfully certify to the Washington Supreme Court the following question:

> Whether the separation of powers doctrine under the Washington Constitution prohibits the retroactive application of the 2007 legislation providing a definition of "disability" for the Washington Law Against Discrimination where the cause of action arose prior to the Washington Supreme Court's decision in *McClarty v. Totem Electric*, 137 P.3d 844 (Wash. 2006)?

We do not intend our framing of the question to restrict the Washington Supreme Court's consideration of the issue. The Washington Supreme Court, in its discretion, may choose to reformulate the question presented. *Broad v. Mannesman Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999).

If the Washington Supreme Court accepts review of the certified question, we designate appellees, the District and the individual defendants, as the parties challenging the application of the 2007 legislation, to file the first brief pursuant to Washington Rule of Appellate Procedure 16.16 (e)(1).

The Clerk of Court is hereby ordered to transmit forthwith to the Washington Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, a copy of this order and all briefs and excerpts of record. RCW §§ 2.60.010, 2.60.030; Wash. R. App. P. 16.16.

Further proceedings in our court on all of Moore's claims on appeal are stayed pending the Washington Supreme Court's decision on whether it will accept review, and if so, receipt of the answer to the certified question. The case is withdrawn from submission until further order from this court. The panel will resume control and jurisdiction over the appeal when either the Washington Supreme Court answers the certified question or declines to answer the question. When the Washington Supreme Court decides whether to accept the certified question, the parties shall file a joint report informing this court of the decision. If the Washington Supreme Court accepts the certified question, the parties shall file a joint status report informing this court when the Washington Supreme Court issues its answer.

It is so **ORDERED.**

_____
Chief Judge Alex Kozinski

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.