**DAUER v. UNITED STATES.**
No. 4586.

United States Court of Appeals
Tenth Circuit.

April 28, 1953.

Rehearing Denied May 26, 1953.

Joseph Lewis, Los Angeles, ·Cal., was on the brief, for appellant.

Eugene W. Davis, U. S. Atty., Topeka, Kan., and V. J. Bowersock, Asst. U. S. Atty., Wichita, Kan., on the brief, for appellee.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

The indictment in this case contained two counts. The first count charged that John Henry Dauer and Avington Rayborn Hutchins transported a kidnapped person in interstate commerce; and the second count charged that such persons transported in interstate commerce a stolen automobile, knowing it to have been stolen. Both defendants were found guilty. A new trial was granted as to Hutchins. Dauer was sentenced to imprisonment; the judgment was affirmed, 10 Cir., 189 F.2d 343; and certiorari was denied 342 U.S. 898, 72 S. Ct. 232, 96 L.Ed. 672. Dauer filed in the case a motion to vacate and set aside the judgment. The motion was drawn under 28 U.S.C. § 2255. And he filed a separate motion for his production in court upon the hearing on the motion to vacate. and set aside the judgment. An order was entered. denying both motions. The appeal is from that part of the order denying the motion to vacate and set aside the judgment.

One ground of the motion to vacate and set aside the judgment was error on the part of the court in refusing to grant the defendant Dauer a severance and separate trial. Another ground was that the court erred in refusing to compel the attendance of three witnesses at the trial and in denying a motion for continuance for the purpose of securing the attendance of such witnesses. A third ground was that the court erred in admitting certain evidence and in failing to instruct the jury that while such evidence was admissible as against the defendant Hutchins, it was hearsay as to the defendant Dauer and therefore could not be considered as against him. And the remaining ground was that the United States Attorney made certain improper and prejudicial statements or remarks in the course of his argument to the jury. Manifestly, these asserted errors relate only to procedural matters in a case of which the court had jurisdiction, and they cannot be reviewed on motion to vacate and set aside the judgment. They were open to review only on appeal from the judgment. And all of such grounds of attack were urged without avail on the appeal from the judgment.

Error is predicated upon the action of the court in denying the motion for the production of the defendant at the hearing on the motion to vacate and set aside the judgment. Whether the prisoner should be produced at the hearing on a motion to vacate and set aside the judgment depends upon the issues raised in the particular case. Where substantial issues of fact are presented respecting events in which the prisoner participated, the trial court should require his production at the hearing. United States v. Hayman, 342 U.S. 205, 223, 72 S. Ct. 263, 96 L.Ed. 232; Wheatley v. United States, 10 Cir., 198 F.2d 325. But the court may entertain and determine the motion without the presence of the prisoner where the motion or the records and files in the case show conclusively that he is not entitled to any relief, or where only issues of law are presented. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965, certi-

orari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650. Here, it appeared conclusively from the motion and records and files in the case that the defendant Dauer was not entitled to any relief on the grounds pleaded in the motion. Therefore, refusing to require his production at the hearing upon such motion did not constitute an abuse of discretion.

The order denying the motion to vacate and set aside the judgment is affirmed.