Alfred J. HEINECKE, Appellant

v.

UNITED STATES of America, Appellee.

No. 16194.

United States Court of Appeals District of Columbia Circuit.

Argued May 26, 1961.

Decided July 27, 1961.

Mr. Stanley M. Dietz, Washington, D. C., for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee. Mr. Oliver Gasch, U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

The appeal is from convictions on twenty-eight counts of an indictment containing thirty-five counts charging violations of the obscenity statutes. The convictions were on the following counts: (a) count 1, charging conspiracy with another in violation of 18 U.S.C. § 371 (1958) to violate 18 U.S.C. § 1461 (1958) and 22 D.C.Code § 2001 (1951), prohibiting respectively the transmittal of obscene matter through the mails and the printing of obscene matter or material stating by what means obscene matter may be obtained; (b) even-numbered counts 2 through 28, inclusive, charging violations of 18 U.S.C. § 1461 by the knowing use of the mails for the delivery of nonmailable matter, that is, information as to where, how, and from whom, and by what means obscene matter could be obtained; (c) odd-numbered counts 3 through 29, inclusive, also charging violations of 18 U.S.C. § 1461 by the knowing use of the mails for delivery of nonmailable matter, that is, certain envelopes containing obscene matter; and (d) count 35 charging a violation of 22 D.C.Code § 2001 in the printing of or causing to be printed pamphlets and notices stating by what means obscene matter could be obtained.[1]

The sentences were fifteen months to three years and nine months on the counts under sections 371 and 1461, and one year on count 35, all to run concurrently.

◼ Appellant contends that the convictions cannot stand because of the inclusion of the language we italicize in the following portion of the court's. charge to the jury:

"As I have indicated to you, the issues of fact and the question of obscenity as an issue of fact are for you to determine and solely for you. As I indicated to you before, the law authorizes the Judge to express an opinion on any specific issue of fact. If he does so, this opinion is not binding on the jury. *While it is my opinion that this material, that is, the material charged in the indictment, is actually obscene in the eyes of the law,* I repeat that my opinion is not binding on you, you have a. right to disregard it or not, as you choose. The issue is for you to decide, and not for me, and you are not bound by my opinion. The final decision must be yours. That is your function and your responsibility."

◼ Appellant's claim is that the statement objected to was tantamount to. a directed verdict of guilty, which is. beyond the province of a trial judge. United Brotherhood of Carpenters v. United States, 330 U.S. 395, 408, 67 S.Ct. 775, 91 L.Ed. 973; Sullivan v. United States, 85 U.S.App.D.C. 409, 178 F.2d 723. We disapprove the challenged statement but do not think it constitutes such a trial imperfection, considering the charge as a whole, as calls for reversal.[2] The charge of the judge left the issue of obscenity for the jury to decide. The jury was emphatically instructed, both before and after the remark, that obscenity was a matter for its determination, and that, while the judge might comment on the evidence his comments. or opinions were in no way binding on

---

1. Counts 18, 19, 30, 31, 32 and 33 of the indictment were dismissed at trial. Count 34 did not involve appellant.

2. We note that it had to do with the issue of obscenity and not, as appellant asserts, with the ultimate issue of guilt, as to which the trial judge made no comment.

the jury.[3] It is well settled, at least in some circumstances, that it is proper for the trial judge to comment on the evidence. United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 78 L.Ed. 381; cf. Starr v. United States, 153 U.S. 614, 626, 14 S.Ct. 919, 38 L.Ed 841.[4]

■ The appellant also contends that it was error to overrule his motion to suppress certain evidence, later introduced at the trial, obtained by searches and seizures conducted at his home at Lakewood, New Jersey, with the aid of two search warrants. More specifically, the contention is that the first warrant of December 6, 1960, was invalid, and that the second warrant, of December 7, 1960, having been issued on the basis of information obtained through use of the invalid first warrant, was also ineffective to render admissible the evidence secured through its use. But the evidence obtained by the searches and seizures was not used with respect to the counts charging delivery of obscene matter under section 1461. The convictions on those counts were supported by evidence of obscene matter actually sent through the mails to various individuals. Since the sentences imposed on these odd-numbered counts, based on section 1461, are concurrent with the sentences imposed on the remaining counts, the judgment should be affirmed, without the necessity of passing upon the validity of the convictions under other counts of the indictment. Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774. This principle may be said to be especially applicable here; for no motion under Fed.R.Crim.P. 14, 18 U.S.C., was made prior to trial for severance and none after trial claiming prejudice growing out of the fact that the offenses charged in the several counts were tried together. Moreover, no contention was made in the District Court and none has been made in this court, by appellant's experienced counsel, of prejudice due to the possibility of evidence introduced on any one count adversely affecting appellant with respect to any other count. The evidence was introduced to support the count with regard to which it was offered, and in like manner was inspected by the jury. In the court's charge to the jury the offenses set forth in the indictment were classified into several groups and the jury

3. The care with which the trial judge charged the jury on the question of the right of the jury to be the sole judges of the facts, including the issue of obscenity as he had charged, is illustrated by the following excerpts from the judge's charge:

"[T]he jury decides the facts. You, ladies and gentlemen of the jury, are the sole judges of the facts and you must determine the facts yourselves on the basis of the evidence and solely on the basis of the evidence introduced at this trial.

"The Court's summary of the evidence, the Court's discussion and comment on the facts and on the evidence and the Court's opinion as to any issue of fact are not binding on you, they are intended only to help you, and you need attach to them only such weight as you deem wise and proper and as you desire. If your recollection or your understanding or your view of the evidence or your opinion on any issue of fact differs from the Court's recollection, the Court's understanding, or the Court's view or the Court's opinion, then it is your recollection, your understanding, your view and your opinion that must prevail because, I repeat, the final decision on the facts is solely within your domain, my instructions are binding on you only as concerns the law. As some of the books say, the Judge instructs the jury as to the law but only advises them as to the facts."

4. We note, in addition, that in Womack v. United States, 110 U.S.App.D.C. ——, 294 F.2d 204, decided January 12, 1961, certiorari denied, 365 U.S. 859, 81 S.Ct. 826, 5 L.Ed.2d 822, this court had occasion to consider photographs similar to those here in evidence and held, in effect, that they were obscene as a matter of law:

"The photographs which are exhibits in this case are conclusive autoptical proof of obscenity and filth.
*    *    *    *    *    *    *
"In the case at bar the photographs were filthy, self-evidently and indisputably. We think that photographs can be so obscene—it is conceivably possible that they be so obscene—that the fact is incontrovertible. These photographs are such."

was advised as to what evidence the government had offered in support of the counts within a group. And, finally, the sentences were imposed separately under each count.

We have considered appellant's other contentions and find in them no error requiring reversal.

Affirmed.