### UNITED STATES of America
### v.
### Morton SOBELL, Defendant.

United States District Court
S. D. New York.
April 5, 1962.

Robert M. Morgenthau, U. S. Atty., Edward R. Cunniffe, Robert J. Geniesse, David Klingsberg, Asst. U. S. Attys., of counsel, for United States of America.

Donner, Perlin & Piel, New York City, Benjamin Dreyfus, San Francisco, Cal., Sanford M. Katz, New York City, of counsel, for defendant.

McGOHEY, District Judge.

The defendant Sobell moves for the sixth time under section 2255 of Title 28 U.S.C. to set aside his conviction and the sentence imposed thereon in 1951 for conspiring, during the years 1944 to

1950, to violate the Espionage Act.[1] He also moves in the alternative, for a correction of the sentence under Federal Criminal Rule 35.

In one form or another, this case has had the attention of the judges of the Court of Appeals for the Second Circuit on more than eight separate occasions, beginning with the original appeals ten years ago when that court, because of the imposition of death sentences on Sobell's codefendants, "scrutinized [the trial record] with extraordinary care,"[2] before affirming the convictions. In addition, the case also has had, on ten separate occasions, the attention of the justices of the Supreme Court.[3] Indeed, as long ago as June 1953, Mr. Justice Clark in his opinion concurring in the Supreme Court's refusal to grant a further stay of execution to Sobell's codefendants, observed that, "Beginning with our refusal to review the conviction and sentence in October 1952, each of the Justices has given the most painstaking consideration to the case. In fact, all during the past Term of this Court one or another facet of this litigation occupied the attention of the Court."[4]

The motion under section 2255 is based on two claims of error by the trial court. Neither claim arises from facts outside the record. On the contrary, both arise from incidents which occurred in the court room during the trial and which are fully set forth in the trial record.

The first claim is that the trial judge permitted and indeed participated in, improper cross-examination of one of Sobell's codefendants concerning her claim of privilege before the Grand Jury, thus creating an atmosphere so prejudicial to all the defendants that all were deprived of a fair trial. This claim is certainly not new. Sobell's codefendants raised and argued that precise point on their original joint appeal[5]; and Sobell adopted the point and their argument on his separate appeal which was argued together with theirs.[6] The argument obviously was found unpersuasive by the Court of Appeals which affirmed the convictions.

In their petitions for certiorari, Sobell's codefendants listed as the fourth of seven "Questions Presented," "Whether the conduct of the trial judge deprived the petitioners of a fair trial in violation of the Fifth and Sixth Amendments, in that: (a) by a course of conduct, he displayed bias against the petitioners and conveyed to the jury his belief in their guilt." And in an appendix to their petition the codefendants called attention specifically to the trial judge's participation in the cross-examination complained of here as an example of his "bias."[7]

Sobell, in his separate petition for certiorari, specifically adopted his codefend-

1. 50 U.S.C. §§ 32, 34 (1946) (now 18 U. S.C. § 794).

2. United States v. Rosenberg et al., 2 Cir., 195 F.2d 583, 590, cert. denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687.

3. See, e. g., United States v. Rosenberg, 2 Cir., 195 F.2d 583, rehearing denied, 195 F.2d 609, cert. denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687, rehearing denied, 344 U.S. 889, 73 S.Ct. 134, 97 L.Ed. 652 (1952), leave to file petition for rehearing denied, Sobell v. U. S., 347 U.S. 1021, 74 S.Ct. 860, 98 L.Ed. 1142 (1954), motion to vacate orders denying certiorari and rehearing denied, 355 U.S. 860, 78 S. Ct. 91, 2 L.Ed.2d 67 (1957); United States v. Rosenberg, D.C., 108 F.Supp. 798, aff'd, 2 Cir., 200 F.2d 666 (1952), cert. denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384, rehearing denied, Sobell v. U. S., 345 U.S. 1003, 73 S.Ct. 1131, 97 L.Ed. 1408 (1953); United States v. Rosenberg, D.C., 109 F.Supp. 108, aff'd, 2 Cir., 204 F.2d 688 (1953); United States v. Sobell, D.C., 142 F.Supp. 515 (1956), aff'd, 2 Cir., 244 F.2d 520, cert. denied, 355 U.S. 873, 78 S.Ct. 120, 2 L.Ed. 2d 77, rehearing denied, 355 U.S. 920, 78 S.Ct. 338, 2 L.Ed.2d 280 (1957).

4. 346 U.S. 273, 293, 73 S.Ct. 1152, 97 L. Ed. 1607.

5. Brief for Appellants p. 98–99, United States v. Rosenberg, 2 Cir., 195 F.2d 583 (1951).

6. Brief for Morton Sobell p. 59, United States v. Rosenberg, 2 Cir., 195 F.2d 583 (1951).

7. Rosenberg v. United States, Petition for Certiorari, p. 16, 31–39, Appendix p. 38, 344 U.S. 888, 73 S.Ct. 20, 97 L.Ed. 652.

ants' "position as to this issue" of alleged judicial misconduct, and asked leave "to incorporate and rely upon the portion of their petition dealing with this issue, and the appendix thereto in which representative instances of the judge's alleged course of misconduct are particularized."[8]

■■ The government in its brief in opposition to the petitions for certiorari devoted six pages to the claims of alleged judicial misconduct. In the light of all this, it is clear beyond question that this point was specifically and with adequate documentation called to the attention of the reviewing courts. Sobell indeed does not, in terms at least, go so far as to contend otherwise. His present claim is rather that, in light of the decision in Grunewald v. United States,[9] decided in 1957, the trial judge's conduct requires reversal of Sobell's conviction. The contention is rejected. 28 U.S.C. § 2255 is not a vehicle for repeated reviews of judgments in cases which were properly decided after full consideration, because of subsequent changes in the law.[10] Sobell, moreover, has already tried and failed to have the Supreme Court review his conviction in the light of the Grunewald decision.[11]

■ The second claim of alleged error is that the trial judge failed to instruct the jury concerning the "in time of war" element of the offense charged in the indictment. This claim is clearly an afterthought. No exception was taken to the instruction as given on this point and no request was made for a different instruction. Moreover, as the briefs on appeal to the Court of Appeals and the petitions for certiorari show, the court's in-

struction to the jury was the subject of wide attack by Sobell and his codefendants. The Court of Appeals necessarily had to examine the instructions in detail in order to pass on the many allegations of error respecting them. This claim is rejected.

■■ The alternative motion under Rule 35, 18 U.S.C. for correction of the sentence necessarily rests on the contention that there was no credible evidence that Sobell was a member of the conspiracy prior to 1946; that, therefore, he could not be charged with participation in any of the acts which the jury found his coconspirators committed prior to 1945; and so legally he could not be sentenced to thirty years, a term which is authorized only for offenses committed in time of war. To these contentions there are two answers. The witness Elitcher's testimony placed Sobell in the conspiracy in 1944. Elitcher's credibility was for the jury to assess. The trial judge charged the jury that if they disbelieved Elitcher they could not find Sobell guilty. The jury chose to believe him. Furthermore, "The rule is clear that one who joins an existing conspiracy takes it as it is, and is therefore held accountable for the prior conduct of the co-conspirators." United States v. Sansone, 2 Cir., 231 F.2d 887, 893, cert. denied, 351 U.S. 987, 76 S.Ct. 1055, 100 L.Ed. 1500. "He may join at any point in its progress and be held responsible for all that may be or has been done." United States v. Manton, 2 Cir., 107 F.2d 834, cert. denied, 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012.

The motion is in all respects denied.

So Ordered.

8. Sobell v. United States, Petition for Certiorari, p. 10, n. 6, p. 44, 344 U.S. 838, 73 S.Ct. 21, 97 L.Ed. 652.

9. 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931.

10. Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642, 136 A.L.R. 1025, cert. denied, 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed.

543; United States v. Gaitan, 10 Cir., 295 F.2d 277; United States v. Gandia, 2 Cir., 255 F.2d 454; cf. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982.

11. 355 U.S. 860, 78 S.Ct. 91, 2 L.Ed.2d 67.