**UNITED STATES of America, Plaintiff,**

**v.**

**Alfred J. HEINECKE, Defendant.**

**Crim. No. 1023-60.**

United States District Court

District of Columbia.

Oct. 16, 1962.

O. John Rogge, New York City, and Josiah Lyman, Washington, D. C., the defendant for the motion.

David C. Acheson, U. S. Atty., and Frederick Smithson, Asst. U. S. Atty., Washington, D. C., for plaintiff, opposed.

HOLTZOFF, District Judge.

This is a motion under 28 U.S.C. § 2255, to vacate a sentence and a judgment of conviction, and for a new trial. The defendant was convicted after a trial by jury on charges of violating the law prohibiting the use of the mails for the circulation of obscene material. The conviction was affirmed by the Court of Appeals, 111 U.S.App.D.C. 98, 294 F.2d 727. An application for a writ of certiorari was denied by the Supreme Court, 368 U.S. 901, 82 S.Ct. 173, 7 L.Ed.2d 96.

The present motion is made by counsel other than counsel who represented the defendant at the trial and on appeal. It is based on two alleged grounds: first, that the defendant was unduly prejudiced by the fact that a co-defendant pleaded guilty to the indictment in the course of the trial; and, second, that subsequently to the final disposition of this case, the Supreme Court in Manual Enterprises v. Day, 370 U.S. 478, 82

S.Ct. 1432, 8 L.Ed.2d 639, changed the definition of "obscenity".

The defendant Heinecke was jointly indicted with one Herman L. Womack, on charges of knowingly sending obscene matter through the mail and conspiring so to do. The period covered by the indictment was from August 15, 1960 to November 10, 1960. The objectionable material consisted of pornographic photographs containing no text, but portraying completely nude male persons in lascivious and suggestive poses, with the camera being quite obviously focused on the private organs and emphasizing them. The co-defendant Womack had been convicted in a prior case on charges of distributing similar photographs through the mail, during the period of February 26, 1959 to December, 1959. His conviction was affirmed by the Court of Appeals, Womack v. United States, 111 U.S.App.D.C. 8, 294 F.2d 204. The material involved was characterized as follows by the Court of Appeals in the Womack case (p. 10, 294 F.2d p. 206):

> "These are stark, unretouched photographs—no text, no possible avoidance of *scienter*, no suggested proper purpose, no conceivable community standard which would permit the indiscriminate dissemination of this material, no alleviating artistic overtones. These exhibits reflect a morbid interest in the nude, beyond any customary limit of candor. They are 'utterly without redeeming social importance'."

In the instant case both defendants were represented by Stanley M. Dietz, Esquire, as counsel, an able and experienced member of the District of Columbia Bar, specializing in the trial of criminal cases. The trial lasted several days. During its earlier stages the co-defendant Womack pleaded guilty to one count of the indictment. This course was acceptable to the Government. The plea was entered in the absence of the jury, which had been requested to retire to the jury room for the time being. The trial then proceeded as against the defendant Heinecke alone, and the jury found him guilty.[1]

It is now contended by new counsel that the defendant Heinecke was unduly prejudiced by the fact that in the course of the trial, his co-defendant entered a plea of guilty. No objection to the trial proceeding as to the defendant Heinecke was made by his trial counsel, and no motion for a mistrial was presented. There is no other course that could have been pursued by the Court. If the Court *sua sponte* had ordered a mistrial and impaneled a new jury, commencing the trial as to Heinecke anew, a serious problem might have arisen whether Heinecke was being subjected to double jeopardy. Once a trial starts a defendant is entitled to a verdict from the jury that has been sworn to try him, unless a mistrial is ordered on his own motion, or unless some insurmountable obstacle arises making it impracticable for the trial to continue.

---

1. The details of the proceeding relating to the plea entered by co-defendant Womack are as follows. On the morning on which the plea was entered, the Court of Appeals handed down its opinion in the earlier Womack case affirming his conviction. A copy of the opinion was received by counsel during the morning session. Counsel immediately asked leave to approach the bench and requested a recess in order to have an opportunity to read the opinion and discuss it with defendant Womack. Accordingly, a recess was taken. After the Court reconvened, counsel for the defendant asked leave to come to the bench and upon doing so, quietly informed the Court that defendant Womack decided to plead guilty to the first count of the indictment, and that this disposition was acceptable to the Government. The Assistant United States Attorney stated that this would be agreeable. The jury was thereupon excluded from the courtroom. The defendant Womack then pleaded guilty in open court to Count 1 of the indictment and was excused from further attendance at the trial. The jury was then brought back and as it was necessary to explain Womack's absence to the jury, the Court informed the jury that the case as to him had been disposed of, and that the trial would go on as to the defendant Heinecke alone.

■ The point now advanced was not raised by counsel either at the trial or on appeal. Obviously, a ruling relating to procedural matters in the course of a trial may be reviewed only on appeal and is not subject to collateral attack.

■ As a matter of fact on the merits the point now interposed as an obvious afterthought is worthy of but scant consideration. It frequently happens in cases in which there are multiple defendants that one or more of them may enter a plea of guilty in the course of the trial, and the trial goes on as to the remaining defendants. It would be unthinkable to stop the trial under such circumstances, and start it over again with another jury as to the remaining defendants. Even a request for such a course is unknown.

■ The second ground of the motion is an assertion on the part of counsel that in Manual Enterprises v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639, decided on June 25, 1962, subsequently to the trial and final disposition of the appeal in the case at bar, the Supreme Court modified its previous definition of "obscenity", which had been formulated in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498, decided on June 24, 1957. In the instant case the jury was instructed at the trial in accordance with the formula of the Roth case, and the Court of Appeals also proceeded on the same basis. The judgment of conviction is *res judicata*. A subsequent change in the law, even if it occurred, does not warrant a reopening of the judgment. Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642 (Vinson, J.); United States v. Gandia (C.A.2d) 255 F.2d 454.

It is not necessary, however, to rely on this basic principle, because a con-sideration and analysis of the opinions of the Supreme Court conclusively demonstrate that counsel is in error in contending that the Supreme Court has changed the definition of "obscenity". In the Roth case, the Supreme Court adopted as a test of obscenity whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to the prurient interest (p. 489, 77 S.Ct. p. 1311).

In Manual Enterprises v. Day, the decision of the Court was by a vote of 6 to 1.[2] There was no majority opinion. One opinion was written by Mr. Justice Harlan, with whom only Mr. Justice Stewart joined. It contains statements to the effect that in addition to appealing to the prurient interest, any material to be deemed obscene, must also be patently offensive on its face. None of the other members of the Court besides Mr. Justice Stewart, concurred in this opinion. Mr. Justice Black concurred in the result without, however, writing an opinion. Mr. Justice Brennan wrote a concurring opinion, the Chief Justice and Mr. Justice Douglas joining with him. Mr. Justice Brennan stated that he agreed that "the judgment below must be reversed, though for a reason different from my Brother Harlan." Consequently, if Mr. Justice Harlan's opinion is to be construed as suggesting a modification of the standard of obscenity previously enunciated in the Roth case, it is purely a minority view of two members of the Court. The conclusion is inescapable, therefore, that there is no basis for counsel's contention that the Supreme Court has modified the test of obscenity.

The motion is denied on the ground that the motion and the files and records of the case conclusively show that the defendant is entitled to no relief.

2. The Manual Enterprises case involved a number of magazines published by a corporation apparently controlled by Womack. While these magazines contained objectionable photographs, in addition they also included other matter, whereas the material involved in the instant case and in the Womack case above referred to, consisted solely of pornographic photographs unrelieved by any text or anything else.