**Alfred J. HEINECKE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17450.**

United States Court of Appeals District of Columbia Circuit.

Argued March 11, 1963.

Decided March 28, 1963.

6. Act of March 3, 1887, c. 359, 24 Stat. 505 (now 28 U.S.C. §§ 1346(a) (2), 1402(a), 1491, 1501).

**686**

Mr. O. John Rogge, Washington, D. C., with whom Mr. Josiah Lyman, Washington, D. C., was on the brief, for appellant.

Mr. Tim Murphy, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Frederick G. Smithson, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant was tried under an indictment charging violation of federal and local obscenity statutes, 18 U.S.C. §§ 371, 1461 and D.C.Code Ann. § 22–201, and found guilty on twenty-eight counts. Thereafter his conviction was affirmed by this court. Heinecke v. United States, 111 U.S.App.D.C. 98, 294 F.2d 727 (1961), cert. denied, 368 U.S. 901, 82 S.Ct. 173, 7 L.Ed.2d 96.

Appellant's primary claim for relief under 28 U.S.C. § 2255 is based on an alleged violation of due process of law resulting from the conduct of his trial. On the third day of his trial, appellant's co-defendant Womack entered a guilty plea. Thereafter the trial judge explained to the jury that the co-defendant Womack would not appear in the courtroom because his case had been disposed of. Appellant made no objection to the court's explanation of the disposition of Womack's case, did not move for a mistrial or move after conviction for a new trial on this ground. Nor did he raise the point on his direct appeal referred to above. The point was raised for the first time in his collateral attack on the sentence under § 2255, wherein he claims that the trial judge's explanation to the jury of the disposition of Womack's case was plain error, that inevitably the jury was bound to know Womack pleaded guilty and that because of such knowledge appellant was denied due process of law. He suggests but is unable to demonstrate record support, that the District Judge "by his conduct made sure the jury knew what had happened." [1] We need not reach the issue whether the jury's knowledge of these

---

1. "THE COURT: Ladies and gentlemen of the jury, you may be wondering why there has been a cessation of proceedings for a little while and what has happened. While I shall not go into details because it is not necessary or desirable to do so, I think you should be informed, as you will observe, the defendant Womack is no longer in the courtroom. The case as to him has been disposed of. From now on the case will go on only as to the co-defendant Alfred Heinecke, who you see seated at the counsel table with his counsel, Mr. Deitz."

In his charge the Judge told the jury:

"The indictment in this case names two defendants, Herman L. Womack and Alfred J. Heinecke. Alfred J. Heinecke is now on trial. After the trial started, the case involving Herman L. Womack was otherwise disposed of. The manner of the disposition of course, does not concern you. * * *"

facts would constitute a denial of due process so as to warrant relief under § 2255, because the record does not support that contention. See Dauer v. United States, 204 F.2d 141 (10th Cir. 1953), cert. denied, 346 U.S. 889, 74 S.Ct. 141, 98 L.Ed. 393.

 Appellant's second point is that the material found obscene at his trial could not be found obscene under a Supreme Court opinion[2] which intervened between conviction and this collateral motion. This allegation, even if supported by the record, affords no basis for relief under § 2255. Cf. Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642, 136 A.L.R. 1025, cert. denied, 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed. 543 (1941).

Affirmed.

2. Manual Enterprises, Inc. v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962).