**Charles EBY, a/k/a Charles Cragg, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 68–C–131.

United States District Court. N. D. Oklahoma.

July 8, 1968.

Hubert Bryant, Asst. U. S. Atty., Tulsa, Okl., for defendant.

Charles Eby, pro se.

## MEMORANDUM OPINION AND ORDER OVERRULING MOTION UNDER § 2255

BARROW, Chief Judge.

Petitioner was convicted upon his plea of guilty of the offense of agreeing, confederating and conspiring to obtain and become transferee of marihuana without paying the transfer tax imposed by 26 U.S.C.A. § 4741(a), and to transport, conceal and facilitate the transportation and concealment of marihuana so acquired and obtained, in violation of 26 U.S.C.A. § 4744(a) and 7237(a). Petitioner was placed on probation for three years in February of 1963. On November 9, 1965, petitioner violated probation, and, consequently, was sentenced to serve five years in prison. Petitioner's motion to vacate judgment of five years as it exceeded the three years probation previously granted was denied on December 16, 1965. Upon request of petitioner, the sentence was reduced to three years on April 22, 1966.

Petitioner contends that the transfer tax imposed by 26 U.S.C.A. § 4741(a) violates his Fifth Amendment privilege against compulsory self-incrimination. Petitioner argues that the names and addresses of those who register and pay the taxes in accordance with the statutes are made available to law enforcement agencies for the ultimate prosecution of said persons. Petitioner admits, in his memorandum, that at the time of his

conviction, the "great weight of authorities in effect * * * held that the privilege against self-incrimination could not appropriately be asserted by those in his circumstances".

Petitioner maintains that the three United States Supreme Court decisions announced on January 29, 1968, Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923, have changed the law regarding self-incrimination. He therefore contends that the new law in these cases should serve as grounds to vacate his judgment under 28 U.S.C.A. § 2255.

Since the petitioner's motion raises questions of law rather than fact, it is unnecessary to hold a hearing on the motion or to bring the petitioner to this district to testify.

Assuming arguendo, that the new law applies to petitioner, the question that must first be answered is whether or not the petitioner may use § 2255 to his advantage. Petitioner devotes his entire memorandum to a discussion of the new and old law surrounding his case. He apparently takes § 2255 for granted. Petitioner's case was closed, and he failed in the earlier proceedings to raise the issue now before the court. Title 28 U.S.C.A. § 2255 permits a federal prisoner to move at any time to vacate or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack". The general rule appears to be that a change in law since a petitioner's conviction does not entitle him to relief under § 2255.

In Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642, 136 A.L.R. 1025 (1941), Cert.Den. 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed. 543 (1941), the Court said:

"When a case is decided it is expected that people will make their behavior conform to the rule it lays down and also to the principle expressed in so far as it can be determined. This is true whether the decision is regarded as 'the law', 'the best evidence of the law' or 'a prediction of what the court will do next time'. If, at last, the first decision is overruled, then there is new law, better evidence, or an enlightened basis for prediction. Those transactions which occurred between the two decisions, are, for the most part accepted history. This is true even though a person had presented, in proper fashion, his case to the courts. His rights being finally determined, an attempt to reopen the question, in view of the new enlightenment, would be greeted with the powerful answer of res judicata."

The Warring case, supra, is supported by United States v. Heinecke, 209 F. Supp. 526 (D.D.C.1962), aff'd Heinecke v. United States, 115 U.S.App.D.C. 34, 316 F.2d 685 (1963), Cert.Den. 375 U.S. 846, 84 S.Ct. 101, 11 L.Ed.2d 74. The U. S. Court of Appeals for the District of Columbia said:

"Appellant's second point is that the material found obscene at his trial could not be found obscene under a Supreme Court opinion which intervened between conviction and this collateral motion. This allegation, even if supported by the record, affords no basis for relief under § 2255."

Another significant case is United States v. Sobell, 204 F.Supp. 225 (S.D.N.Y. 1962), aff'd 314 F.2d 314 (2nd Cir. 1963) Cert.Den. 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077, which held that a "Motion to vacate sentence is not vehicle for repeated reviews of judgments in cases which were properly decided after full consideration, because of subsequent changes in the law".

The Tenth Circuit has ruled in accordance with the general rule that a change in law since a petitioner's conviction does not entitle him to relief under § 2255.

United States v. Gaitan, 189 F.Supp. 674 (D.Colo.1960), aff'd 295 F.2d 277 (10th Cir. 1961), Cert.Den. 369 U.S. 857, 82 S.Ct. 939, 8 L.Ed.2d 15. In this case the petitioners were convicted for a violation of the narcotics laws. The petitioners failed in an attempt to suppress as evidence a bag of marihuana which had been found by officers in a search without a warrant. According to the rule of law at the time of conviction, this evidence was legal. Subsequent to their conviction the law was changed by Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), and on the basis of this new law the petitioners filed a motion under 28 U.S.C.A. § 2255, to have their judgment vacated. The motion was denied, and Judge Bratton declared:

> "The question whether the marihuana was admissible in evidence or should be excluded therefrom was put squarely in issue in the criminal case. The question was determined with pinpointed precision. The evidence was admitted and the judgments and sentences became final. Upon becoming final, they fell within the range of the doctrine of res judicata as between the petitioners and the United States in respect to the evidence being admissible or inadmissible, depending upon the circumstances under which it was obtained. And a change thereafter in the rule relating to the admissibility of evidence obtained in that manner did not arrest or suspend application of the principle of res judicata to such judgments and sentences."

The Court then cited Warring v. Colpoys, supra, as authority. Further support for the above decisions is obtained from LaClair v. United States, 241 F.Supp. 819 (N.D.Ind.1965). A pertinent paragraph in the decision reads:

> "Moreover, it has been repeatedly held that subsequent changes in substantive decisional law does not warrant relief under Section 2255. * * * We acknowledge that several of the above-cited cases deal with rulings entered at trial which were later affected by changes in the applicable law; how-

ever, this Court can see no significant distinction from a case such as this where a plea of guilty was entered based upon the prevailing, but later modified, construction of a statute."

 This Court's research on this issue, as evidenced by the above cases, clearly demands the conclusion that 28 U.S.C.A. § 2255 does not entitle the petitioner to relief where subsequent to his conviction there has been a change in the law.

It is, therefore, ordered, adjudged and decreed that petitioner's motion under 28 U.S.C.A. § 2255 be and the same is hereby denied.