**In re THE WALLACE & GALE CO., Debtor.**

**The Aetna Casualty and Surety Company, Plaintiff,**

v.

**The Wallace & Gale Co., et al., Defendants.**

**Bankruptcy No. 85–A–0092. CIV. No. PJM 94–2327.**

United States District Court, D. Maryland, Southern Division.

Sept. 18, 2002.

Lee H. Ogburn, Armand J. Volta, Jr., Baltimore, MD, Jacob A. Stein, Washington, DC, Pamela Morgan Hodge, Cincinnati, OH, for plaintiff.

Christopher C. Tsien, Columbia, MD, Stanley J. Levy, New York City, Carl E. Tuerk, Jr., Baltimore, MD, William J. Bowman, James W. Greene, John E. Heintz, Robert L. Hoegle, Washington, DC, Michael B. Mann, Towson, MD, Wendy Ann Hartmann, George C. Davis, Kenneth F. Davies, Baltimore, MD, for defendants.

## OPINION

MESSITTE, District Judge.

### I.

The Court revisits the issue of the allocation of risk under the commercial general liability ("CGL") insurance policies issued by Defendant insurance carriers to Wallace & Gale, an insulation contractor currently in bankruptcy. The Intervenors are former employees of the Bethlehem Steel Plant at Sparrows Point or their personal representatives. On February 20, 2002, the Court entered an Opinion and Order adopting the "all sums" approach to allocating liability in a progressive asbestos injury case such as this, holding that there would be no pro rata allocation of liability among the insurers based on their time on the risk and no specific allocation of a pro rata share to Wallace & Gale for any period of the progressive injury during which it may have been uninsured. The Court specifically noted the lack of controlling Maryland case law on the issue.

Subsequent to the Court's Opinion and Order, the Maryland Court of Special Appeals, declaring Maryland law, expressly rejected the "all sums" approach to allocation in progressive asbestos damage cases and opted for a "time on the risk" solution, making insureds liable for a prorata share for any period of noninsurance. *See Mayor and City Council of Baltimore v. Utica Mutual Ins.*, 145 Md.App. 256, 802 A.2d 1070 (2002). On the basis of that case, Defendant Travelers Casualty and Surety Company ("Travelers") has moved for reconsideration of the Court's February 20, 2002 Order. The Intervenors oppose the Motion. Having considered the parties' pleadings, the Court will GRANT the Motion for Reconsideration.

### II.

The Court has authority to reconsider its prior, non-final orders pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. It is not bound by the strictures of Fed.R.Civ.P. 59 or 60; its revisory authority is essentially unfettered. *See, e.g., Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). Reconsideration is especially appropriate where, as here, a federal court sitting in a diversity of citizenship case is confronted by an intervening decision of the state court which changes applicable law in the case. *See Vandenbark v. Owens–Illinois Glass Co.*, 311 U.S. 538, 543, 61 S.Ct. 347, 85 L.Ed. 327 (1941) ("[T]he dominant principle is that *nisi prius* and appellate tribunals alike should

conform their orders to the state law as of the time of the entry. Intervening and conflicting decisions will thus cause the reversal of judgments which were correct when entered."). The federal court is obliged to apply substantive state law regardless of whether the pronouncement of state law is made by the state's highest court or by an intermediate appellate court. *See id.* at n. 21. The federal court may not disregard its obligation unless "'persuasive data'" indicate that the highest court of the state would decide other than as the intermediate appellate court has decided. *Assicurazioni Generali, S.p.A. v. Neil,* 160 F.3d 997, 1002 (4th Cir.1998) (quoting *West v. American Tel & Tel Co,* 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940)).

### III.

■ In this case, Maryland's intermediate appellate court has issued a ruling which directly conflicts with this Court's ruling on the allocation of risk issue as it applies to progressive asbestos damage cases. As stated by that court:

> (1) the obligation to indemnify the insured under the circumstances of this case, which involves continuing asbestos product property damage, is to be prorated among all carriers based on their time on the risk, (2) the "joint and several" or "all sums" allocation method is incompatible with the injury-in-fact/continuing trigger that is applicable to the case at bar, (3) an insured who elects not to carry liability insurance for a period of time, either by electing to be self-insured, or by purchasing a policy which withholds coverage pursuant to a particular exclusion, as in the case of the products hazard exclusions found in this

case, will be liable for the prorated share that corresponds to periods of self-insurance or no coverage . . . .

*Utica Mutual,* 802 A.2d at 1080–81.

The Court is unpersuaded by the Intervenors' attempts to distinguish or otherwise lessen the import of *Utica Mutual.* No "persuasive data" have been offered to indicate that the Maryland Court of Appeals would reach a conclusion contrary to that of the Court of Special Appeals. Accordingly, the Court will GRANT Travelers' Motion for Reconsideration and will adopt the allocation ruling of *Utica Mutual.* The Court deems it neither necessary nor appropriate to reconsider the other rulings it made in the February 20, 2002 Order, as the Intervenors have requested. The allocation of risk issue was only one of several discrete issues the Court dealt with in its Opinion. The Court's decision as to that issue in no way affected its decision on any other.

Summing up, the Court now adopts the time on-the-risk analysis posited by the Maryland Court of Special Appeals in the *Utica Mutual* case, with the consequence that Wallace & Gale will be responsible for a prorated share for any period in which it may have been uninsured.

A separate Order implements this Memorandum Opinion.[1]

---

1. Since it appears that all outstanding motions or triable issues have now been resolved, the Court also intends to enter a Final Order of Judgment pursuant to Fed.R.Civ.P. 58.